CORE JOINT CONCRETE PIPE COMPANY, INCORPORATED, A CORPORATION, PLAINTIFF, v. STANDARD ACCI-DENT INSURANCE COMPANY OF DETROIT, MICHIGAN, A CORPORATION, DEFENDANT.

Decided August 14, 1930.

For the motion, *Child & Shipman.*

*Contra, Louis Auerbacher, Jr.*

The opinion of the court was delivered by

CASE, J.   The suit was brought by the plaintiff, a material-man, against the defendant, a bonding company, upon a bond given in pursuance of the act entitled "An act to protect persons performing labor or furnishing materials for the construction, alteration or repair of public works," approved February 16th, 1918 (*Pamph. L.* 1918, *ch.* 75), and is for materials furnished Charles F. Soriano and Antonia Borrego, trading as Charles F. Soriano Construction Company, for the construction of a storm sewer under a contract between the last named partnership and the county of Passaic.   The defendant filed an answer to which were appended six sepa-

rate defenses, the character of which may be succinctly indicated by the points raised in defendant's brief in response to plaintiff's motion to strike the answer and for summary judgment.

Defendant first contends that the evidence presented by the plaintiff has not properly proved the delivery of the materials to the job. The evidence does, however, show that the materials were duly delivered at the site of the construction to a proper person in charge of the work; and inasmuch as the construction could not have progressed without these materials, the presumption is that they were used for the purpose for which they were delivered. *Atlantic City Lumber Co.* v. *Atlantic City et al.,* 7 *N. J. Adv. R.* 820. The defendant has not shown facts deemed sufficient to entitle it to defend and the plaintiff is, therefore, entitled to summary judgment (*Eisele & King* v. *Raphael,* 90 *N. J. L.* 219), unless, of course, other and valid reasons are given in opposition.

The defendant recites a Chancery proceeding whereby it sought to bring in the plaintiff as a party defendant and contends that, although its application was refused by the Chancery decree, it has taken an appeal to the Court of Errors and Appeals, and that the appeal constitutes "another action pending" in such fashion as to be a defense to the present action. The reasoning is not clear, nor are authorities cited. The point does not seem well taken.

The defendant next submits that because its ultimate and aggregate liability is limited, there should be a single action or class suit by all claimants, with necessary notices and right of intervention. While the brief does not specifically so state, it appears to be an argument for exclusive Chancery jurisdiction, which obviously is in accord with neither the prevailing practice nor the intent of the statute. There is nothing in the proofs to indicate that the present or prospective demands on the defendant amount, or are likely to amount, to a sum greater than the defendant's liability.

The defendant also argues that it is entitled to have the two partners of the Charles F. Soriano Construction Com-

pany pay any deficit in the obligation owing plaintiff before the defendant is asked to pay; and this notwithstanding the partnership is in the hands of a Chancery receiver. The defendant has available the provisions of the Practice act and the Supreme Court rules pertaining to bringing other parties into the cause. It also is entitled to be subrogated on payment of the claim to the plaintiff's rights against the contractors. Though the issue in *E. J. Lavino & Co.* v. *National Surety Co.,* 6 *N. J. Mis. R.* 478, was different from that of the instant case, the following language from the opinion by Mr. Justice Katzenbach is pertinent:

"This proposed defense is highly technical. In the long list of authorities submitted by defendant's counsel to show that a surety is favored in the law, there is no case cited which has any similarity in facts to the present one. In fact, I do not see how any could be cited. The statute is designed for the benefit of those furnishing materials and labor for a public work. In the broadest language possible this intention is shown by the statute and by the language of the bond, of which the form is embodied in the statute."

I think we may consider that the statute is impressed with the policy that the construction of public works is and should be facilitated in time and favored in price by assuring laborers and materialmen of prompt payment of their claims. The plaintiff's claim became due from the defendant sixty days after service upon the latter of the statutory notice, and thence forward the defendant was subject to suit for the amount thereof with interest for a longer detention. *J. Jacob Shannon* v. *Continental Casualty Co.,* 8 *N. J. Adv. R.* 52.

My conclusion is that the answer is in part sham and in part frivolous. It presents no legal defense to the action. It may, therefore, be struck and summary judgment may be entered.